IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AUSTIN MCCLURE BOUNDS, # 2431663,  ) | |
|     Plaintiff,                                              ) | |
| vs.                                                                          ) | No. 3:23-CV-0579-D-BH |
|                                                                ) | |
| JOHNSON COUNTY CORRECTIONAL    ) | |
| CENTER, et al.,                                                        ) | |
|     Defendants.                                          ) | Referred to U.S. Magistrate Judge[1] |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the plaintiff's notice of change of address, filed on June 2, 2023 (doc. 12). It shows that he is no longer in any jail or prison facility.

Because he filed this action while a prisoner, the plaintiff is subject to the Prison Litigation Reform Act (PLRA). The PLRA provides that a prisoner who brings a civil action "shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This fee provision was designed to deter frivolous prisoner litigation through liability for filing fees. *Williams v. Roberts*, 116 F.3d 1126, 1127–28 (5th Cir. 1997).[2] Under the PLRA, prisoners may not file an action or an appeal without prepayment of the fee in some form. *Gay v. Tex. Dep't of Corr. State Jail Div.*, 117 F.3d 240, 241 (5th Cir. 1997) (citing § 1915(b)(2)). If a prisoner is granted leave to proceed IFP, the court assesses and collects an initial partial filing fee from the custodial institution, which will subsequently withdraw funds from the prisoner's inmate trust account and forward those funds to the court in installments. *Id*. at § 1915(b)(1) and (2); *Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000). The provision that allows for payment of the filing fee in installments only applies while the

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for judicial screening.

[2] The Fifth Circuit has upheld the constitutionality of the PLRA and its fee provisions. *See Miller v. Harris County, Texas*, No. 10-20047, 2010 WL 3824231, *2 (5th Cir. Sept. 23, 2010) (per curiam); *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997).

prisoner remains in custody. *See* 28 U.S.C. § 1915(b)(2). Where the prisoner is no longer in custody, withdrawal of funds from his inmate trust account to pay the fee in installments is no longer an option. *Mabry v. TDCJ*, No. 4:10CV520, 2013 WL 4522684, at *1 (E.D. Tex. Aug. 23, 2013). Nevertheless, a prisoner who brings an action remains subject to the provisions of the PLRA requiring full payment of the filing fee, even if he is subsequently released from custody. *See Gay*, 117 F.3d at 242.

Here, the plaintiff filed this action while he was in custody. Because he was subsequently released, he remains subject to the PLRA and is required to pay the full filing fee for this case. *See* 28 U.S.C. § 1915(b)(1); *Gay*, 117 F.3d at 241-242. **He must pay the full $402 filing fee within fourteen (14) days from the date of this order**.[3] If he does not, this action may be dismissed without prejudice[4] under Federal Rule of Civil Procedure 41(b) without further notice. *See Pickens v. United States,* No. 3:17-CV-2265-C (BH), 2020 WL 2363479 (N.D. Tex. Apr. 20, 2020), *adopted by*, 2020 WL 2343170 (N.D. Tex. May 11, 2020); *Williams v. Dallas County Sheriff*, No. 3:19-CV-0757-C-BH, 2019 WL 2423988 (N.D. Tex. May 10, 2019), *adopted by*, 2019 WL 2422801 (N.D. Tex. June 10, 2019); *Plemons v. Dallas County Sheriff's Dept., et. al*, No. 3:17-CV-157-B-BH, 2018 WL 4922435 (N.D. Tex. Sept. 18, 2018), *adopted by*, 2018 WL 4913853 (N.D. Tex. Oct. 9, 2018); *Griffin v. Flores*, No. 3:17-CV-198-G-BH, 2017 WL 6466615 (N.D. Tex. Nov. 27, 2017), *adopted by*, 2017 WL 6447237 (N.D. Tex. Dec. 18, 2017); *Mabry*, 2013 WL 4522684; *Kohoutek v. Dallas*

---

[3] A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $52 administrative fee will not be deducted. *Id.*

[4] "Without prejudice" indicates that the dismissal itself will not prevent the plaintiff from litigating the same claims in a later-filed action.

*Cty. Sheriff's Dept.*, No. 3:10-CV-1780-B, 2010 WL 4721347 (N.D. Tex. Oct. 29, 2010), *adopted by*, 2010 WL 4721350 (N.D. Tex. Nov. 19, 2010).

    **SO ORDERED this 5th day of June, 2023.**

                                            _____
                                            IRMA CARRILLO RAMIREZ
                                            UNITED STATES MAGISTRATE JUDGE