IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AUSTIN MCCLURE BOUNDS, # 2431663,    ) | |
|     Plaintiff,    ) | |
| vs.    ) | No. 3:23-CV-0579-D-BH |
|        ) | |
| JOHNSON COUNTY CORRECTIONAL    ) | |
| CENTER, et al.,    ) | |
|     Defendants.    ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

On March 16, 2023, Austin McClure Bounds (Plaintiff), an inmate in the Johnson County Correctional Center, filed this civil rights action under 42 U.S.C. § 1983 against the center, its medical director, a supervisor, and other employees. (*See* doc. 3.) He sought and was granted leave to proceed *in forma pauperis* (IFP) with no initial partial filing fee and ordered to pay the full fee in monthly installments drawn from his prison account by order dated March 17, 2023. (*See* docs. 4, 6.) On June 2, 2023, during the judicial screening process, Plaintiff filed a change of address notice showing that he was no longer in any jail or prison facility. (*See* doc. 12.) Because he was no longer in custody, on June 5, 2023, he was ordered to pay the full $350 filing fee within fourteen days. (*See* doc. 13.)[2] The order also specifically warned that failure to timely pay the filing fee

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for judicial screening.

[2] A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id*. The $52 administrative fee will not be deducted. *Id*.

would result in a recommendation that the case be dismissed. (*Id*.) More than fourteen days have passed, but Plaintiff has not paid the fee or filed anything else in this case.

## II.  PRISON LITIGATION REFORM ACT

Because he filed this action while a prisoner, Plaintiff is subject to the Prison Litigation Reform Act (PLRA). The PLRA provides that a prisoner who brings a civil action "shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This fee provision was designed to deter frivolous prisoner litigation through liability for filing fees. *Williams v. Roberts*, 116 F.3d 1126, 1127–28 (5th Cir. 1997).[3] Under the PLRA, prisoners may not file an action or an appeal without prepayment of the fee in some form. *Gay v. Tex. Dep't of Corr. State Jail Div.*, 117 F.3d 240, 241 (5th Cir. 1997) (citing § 1915(b)(2)). If a prisoner is granted leave to proceed IFP, the court assesses and collects an initial partial filing fee from the custodial institution, which will subsequently withdraw funds from the prisoner's inmate trust account and forward those funds to the court in installments. *Id*. at § 1915(b)(1) and (2); *Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000). The provision that allows for payment of the filing fee in installments only applies while the prisoner remains in custody. *See* 28 U.S.C. § 1915(b)(2). Where the prisoner is no longer in custody, withdrawal of funds from his inmate trust account to pay the fee in installments is no longer an option. *Mabry v. TDCJ*, No. 4:10CV520, 2013 WL 4522684, at *1 (E.D. Tex. Aug. 23, 2013). Nevertheless, a prisoner who brings an action remains subject to the provisions of the PLRA requiring full payment of the filing fee, even if he is subsequently released from custody. *See Gay*, 117 F.3d at 242.

---

[3] The Fifth Circuit has upheld the constitutionality of the PLRA and its fee provisions. *See Miller v. Harris County, Texas*, No. 10-20047, 2010 WL 3824231, *2 (5th Cir. Sept. 23, 2010) (per curiam); *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997).

Here, Plaintiff filed this action while he was in custody. Because he was subsequently released, he remains subject to the PLRA and is required to pay the full filing fee for this case. *See* 28 U.S.C. § 1915(b)(1); *Gay*, 117 F.3d at 241-242.

### III.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Courts have dismissed prisoner lawsuits under Rule 41(b) for failure to pay the remainder of the filing fee after release from prison. *See Pickens v. United States,* No. 17-CV-2265-C (BH), 2020 WL 2363479 (N.D. Tex. Apr. 20, 2020), *adopted by*, 2020 WL 2343170 (N.D. Tex. May 11, 2020); *Williams v. Dallas County Sheriff*, No. 3:19-CV-0757-C-BH, 2019 WL 2423988 (N.D. Tex. May 10, 2019), *adopted by*, 2019 WL 2422801 (N.D. Tex. June 10, 2019); *Plemons v. Dallas County Sheriff's Dept., et. al*, No. 3:17-CV-157-B-BH, 2018 WL 4922435 (N.D. Tex. Sept. 18, 2018), *adopted by*, 2018 WL 4913853 (N.D. Tex. Oct. 9, 2018); *Griffin v. Flores*, No. 3:17-CV-198-G-BH, 2017 WL 6466615 (N.D. Tex. Nov. 27, 2017), *adopted by*, 2017 WL 6447237 (N.D. Tex. Dec. 18, 2017); *Mabry*, 2013 WL 4522684; *Kohoutek v. Dallas Cty. Sheriff's Dept.*, No. 3:10-CV-1780-B, 2010 WL 4721347 (N.D. Tex. Oct. 29, 2010), *adopted by*, 2010 WL 4721350 (N.D. Tex. Nov. 19, 2010).

By order dated June 5, 2023, Plaintiff was given fourteen days to pay the filing fee and specifically warned that failure to do so would result in a recommendation that the case be dismissed. He has failed to pay the fee or file anything else in the case. Because he failed to comply

with an order that he pay the remainder of the filing fee as required by the PLRA, his case should be dismissed.

## IV.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff pays the filing fee within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SO RECOMMENDED on this 26th day of June, 2023.**

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE